Filed 12/30/21  P. v. Burnett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093919 |
| v. | (Super. Ct. No. 20FE010883) |
| DIERDRICK CORTEZ BURNETT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dierdrick Cortez Burnett asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant asked if the victim could spare some cash and then punched the victim in the face when the victim said he did not have any cash.  Defendant was charged with unlawful use of force against a person resulting in serious bodily injury (Pen. Code,

1

§ 243, subd. (d) - count one),[1] assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) - count two), and misdemeanor resisting arrest (§ 148, subd. (a)(1) - count three). It was further alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), that counts one and two were serious felonies (§ 1192.7, subd. (c)(8)), that count two was a violent felony (§ 667.5, subd. (c)(8)), and that defendant was previously convicted of a strike offense in 2016 (§§ 667, subds. (b)-(i), 1170.12).

On count one, a jury found defendant guilty of the lesser included misdemeanor offense of simple battery in violation of section 242. It found defendant guilty of the count two assault by means of force likely to produce great bodily injury, but the jury did not find true that defendant personally caused great bodily injury within the meaning of section 12022.7. The jury found defendant not guilty of the count three charge of misdemeanor resisting arrest. The trial court found true that defendant had a prior strike conviction in 2016.

The trial court sentenced defendant to the lower term of two years on count two, doubled to four years for the prior strike conviction. It imposed the low term of six months on count one, but stayed the sentence pursuant to section 654. The trial court awarded 512 days of presentence credit (256 actual and 256 conduct).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

---

[1] Undesignated statutory references are to the Penal Code.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/

MAURO, J.

We concur:


/S/

ROBIE, Acting P. J.


/S/

RENNER, J.

3